# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**WILLIAM MARCHIONE, individually
and on behalf of others similarly situated,**

    **Plaintiff,**

v.                                           **Case No. 8:11-cv-2607-T-30TBM**
                                               **Case No. 8:11-cv-2606-T-30TGW**

**PEPSICO, INC., GRAYHAWK LEASING,
LLC, and PEPSI-COLA METROPOLITAN
BOTTLING COMPANY, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand and for Attorneys' Fees and Costs (Dkt. 7) and Defendants' Response in opposition (Dkt. 10) filed in **Case No. 8:11-cv-2607-T-30TBM** and Defendants' Motion to Consolidate (Dkt. 10) filed in **Case No. 8:11-cv-2606-JSM-TGW**. The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes that the motion to remand should be denied and the motion to consolidate should be granted.[1]

## DISCUSSION

In his complaint in Case No. 8:11-cv-2607-T-30TBM, Plaintiff alleges, on a class-wide basis, claims for earned and unpaid wages under Chapter 448, Florida Statutes.

---

[1] The Court had granted Plaintiff a stay from responding to the motion to consolidate until the motion to remand was resolved. The Court concludes that it would be futile to permit Plaintiff to respond to the motion to consolidate because these actions are virtually identical and consolidation is appropriate.

Plaintiff claims he and the putative class were not compensated for approximately 10-15 hours of "off-the-clock" work. Plaintiff seeks back pay, interest, attorneys' fees and costs, and such other relief to which he may be justly entitled. Plaintiff originally filed this action in the Circuit Court of the Tenth Judicial District in and for Polk County, Florida (the "Florida Wages Case").

Defendants subsequently removed the Florida Wages Case to this Court, based on satisfaction of the Class Action Fairness Act ("CAFA") diversity jurisdiction requirements, Case No. 8:11-cv-2607-T-30TBM. On that same day, Defendants removed a nearly identical complaint that had also been filed by Plaintiff in Polk County, Florida (the "FLSA Case"), Case No. 8:11-cv-2606-JSM-TGW. The complaint in the FLSA Case alleges a collective action under the Fair Labor Standards Act ("FLSA") against the same defendants, on behalf of the same putative class of service technicians, and based on the same factual allegations of off-the-clock work as the instant action, i.e., the Florida Wages Case.

In addition to removing both cases, Defendants filed a motion to consolidate in the FLSA Case, which has the lower case number.

This case is at issue upon Plaintiff's motion to remand filed in the Florida Wages Case. It is undisputed that the parties here are diverse and that the putative class consists of more than 100 persons. It is also undisputed that the removal was timely. The sole issue

before the Court is whether the amount in controversy exceeds $5,000,000 under CAFA. *See* 28 U.S.C. § 1332(d). The Court concludes that it does.[2]

As an initial point, the Court submits that Plaintiff's claim under Fla. Stat. § 448.01 is shaky at best. Courts have held that section 448.01 is unconstitutional for vagueness and have expressly held that it is inapplicable to hourly employees like Plaintiff and the putative class here. *See Quaker Oats Co. v. Jewell*, 818 So. 2d 574 (Fla. 5th DCA 2002); *Ramsey v. Custom Tree Service, Inc.,* 2007 WL 2827560 (M.D. Fla. Sept. 27, 2007); *Posley v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313 (S.D. Fla. 2006). Thus, the Court is perplexed as to why Plaintiff filed this Florida claim, especially in light of the FLSA claim, which would provide duplicate damages.

However, even if the Court were to assume that the Florida wages claim is a valid claim, which the Court submits it <u>is not</u>, Plaintiff's argument in favor of remand, that is that the putative class will be seeking only unpaid wages and not overtime hours, is without merit. As Defendants point out, Plaintiff's answers to the Court's interrogatories, filed in the Florida Wages Case, request <u>overtime hours</u> of 15 hours at the overtime rate of $27.15 (Dkt. 6).[3] As Defendants contend, applying Plaintiff's own calculation, the overtime hours for the putative class and attorneys' fees would exceed $5,000,000.

---

[2] Notably, "[t]here is no requirement in a class action brought originally or on removal under the CAFA that any individual plaintiff's claim exceed $75,000." *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010).

[3] Indeed, according to Plaintiff's calculation in his interrogatories, he would be entitled to $63,531 in overtime hours. If the Court were to apply this same amount to 100 plaintiffs, the damages of the putative class would greatly exceed $5,000,000, without even considering liquidated damages and attorneys' fees. Applying common sense, it is clear that the jurisdictional amount is easily met.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand and for Attorneys' Fees and Costs filed in **Case No. 8:11-cv-2607-T-30TBM** (Dkt. 7) is DENIED.

2. Defendants' Motion to Consolidate filed in **Case No. 8:11-cv-2606-T-30TGW** (Dkt. 10) is GRANTED.

3. The CLERK is directed to close **Case No. 8:11-cv-2607-T-30TBM**.

4. All future filings shall be filed in **Case No. 8:11-cv-2606-T-30TGW**.

**DONE** and **ORDERED** in Tampa, Florida on January 18, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2607.mtremand7.frm